*M. L. Roberts, for appellant.*

*W. E. Arthur, for appellees.*

---

### WM. H. BROWN *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—214.]

**Jurisdiction of Criminal Court.**

Pursuant to Gen. Stat. (1879) Ch. 28, Art. 11, § 5, the criminal court has exclusive jurisdiction of ·a case by the state against the sheriff and his sureties for failure to pay over money collected on execution issued on a judgment on a forfeited recognizance.

**Civil Action.**

A suit against a sheriff and his sureties by the state to collect money which the sheriff has collected but failed to pay over is a civil action, and has none of the elements of a criminal or penal proceeding, although the judgment upon which the execution issued was based on and grew out of the forfeiture of a recognizance.

## APPEAL FROM ROBERTSON CRIMINAL COURT.

February 3, 1881.

OPINION BY JUDGE HARGIS:

The trustee of the jury fund caused an action to be instituted in the Robertson Criminal Court in the name of the commonwealth of Kentucky against the sheriff of that county and his sureties, for the amount of an execution issued upon a judgment rendered on a forfeited recognizance by the Robertson Criminal Court, alleging that he had collected and failed to pay it over to the trustee, although demanded of him. The appellant, one of his sureties, demurred to the petition on several grounds. It was overruled, other proceedings followed, and finally a judgment was rendered against him for the amount claimed, for which he prosecutes this appeal.

None of the grounds of the demurrer or proceedings need be noticed except that questioning the jurisdiction of the court over the subject of the action. General Statutes (1879) Ch. 28, Art. 11, § 5, regulates the jurisdiction of the criminal court district to which Robertson belongs, and it is in this language: "The said criminal court shall have exclusive jurisdiction in criminal and penal proceedings; and it shall take the place of the circuit courts in the counties of said district in such jurisdiction; and it shall also have concurrent jurisdiction with the circuit court in inquests of lunacy and idiocy, and exclusive of the circuit court in allowing claims connected with the business of said criminal court."

This action was civil, with none of the elements of a criminal or penal proceeding in it, although the judgment upon which the execution issued was based upon and grew out of the forfeiture of a recognizance. It will be seen that the Robertson Criminal Court has no jurisdiction over any but criminal and penal proceedings, and therefore has no jurisdiction in a civil action, such as this manifestly is. The same question arose and was decided by this court under a similar statute in the case of the *Commonwealth v. Skeeters,* 10 Ky. Opin. 924, 2 Ky. L. 59, as we have determined in this appeal.

Wherefore the judgment is *reversed* and cause remanded with directions to sustain the demurrer, and for other proper proceedings.

*W. P. Ross, for appellant.*